[Civ. No. 6141.  Third Appellate District.—January 2, 1940.]

LEO W. DOYLE, Plaintiff and Appellant, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation) et al., Defendants and Appellants.

Ware & Ware for Plaintiff and Appellant.

Thomas J. Straub, W. R. Dunn, Eustace Cullinan and Jerome D. Peters for Defendants and Appellants.

THE COURT.—This is an action to recover damages arising out of alleged fraudulent representations made by defendants with respect to the sale of shares of stock. The issues were tried before the court, findings were duly entered in favor of plaintiff upon all of such issues, and judgment was rendered against defendants in the sum of $3,484.11. The appeal is taken from the judgment.

Plaintiff also appeals from "that part and portion of said judgment in which the trial court found, determined and

adjudged that plaintiff was not entitled to recover interest from defendants on interest payments, from the respective dates of payment, paid by plaintiff and received by defendants on account of the purported purchase of stock of defendant Western Canal Company''.

This case is companion to *Goodspeed et al.* v. *Great Western Power Co. et al.* (Civ. No. 6011), decided by this court on the 8th day of June, 1939 (33 Cal. App. (2d) 245 [91 Pac. (2d) 623, 92 Pac. (2d) 410]). It arises out of the same general situation, and presents the same issues, with the exceptions hereinafter noted. We refer to that opinion for a statement of facts. We also adhere to that opinion upon all questions expressly disposed of, or necessarily involved therein. Only questions not raised in that case will receive our attention here.

The question of the *right* of plaintiff to recover generally, upon substantially the same record, and the right to interest and damages, are fully disposed of in the Goodspeed case mentioned above, with the sole exception of the contention here made that such recovery is barred by the statute of limitations. Since the argument of this cause and with the permission of the court, defendants have also filed a ''Statement of Constitutional grounds for not following the Goodspeed case'', in which case, however, that question was not presented for our consideration. The latter question is disposed of in the West case, and reference is made to that case for an extended discussion.

It is the contention of defendants that the action is barred by the provisions of section 338, subdivision 4 of the Code of Civil Procedure, in that the evidence is insufficient to support the findings to the effect that the *discovery* of the fraud upon the part of plaintiff was made within three years prior to the commencement of the action. The law relating to this matter is set forth in the opinion in the case of *West* v. *Great Western Power Co. et al.* (Civ. No. 6145), a companion case, filed this day (*ante*, p. 403 [97 Pac. (2d) 1014]), and it is unnecessary to discuss it further here. Most of the brief upon this question in this action is a reprint from the opening brief of appellants in the West case, but certain additional facts are relied upon here as constituting constructive notice of fraud, and we shall proceed to discuss them.

The findings in this case are substantially the same as those in the West case, and reference is made to that case for a full statement thereof. The court found here that the action was not barred, as contended by defendants, by the provisions of section 338, subdivision 4 of the Code of Civil Procedure. As in the West case, the action was commenced more than three years after the commission of the fraudulent acts. It is the contention of plaintiff that the findings referred to are supported by the record, and that the *discovery* of the fraud was made within three years prior to the commencement of the action.

■ The first fact which is relied upon as constituting constructive notice is that plaintiff worked for the Power Company in 1915. He testified that he then knew that Mr. Fleishhacker was financially interested in both the Power Company and the Canal Company, and was selling his stock interest to the Power Company. On the other hand plaintiff testified that the first knowledge he had of the true corporate character of the Canal Company was when a friend visited him in Reno, Nevada (where he had resided since 1928), and in the early part of 1932 informed him that the state railroad commission had held that the Canal Company was in fact a public utility. It is also urged by defendants that plaintiff knew that the Power Company was going to furnish water to the Canal Company. This is sufficient, defendants state, to put plaintiff upon inquiry, and to charge him with notice that the Canal Company was really operating fraudulently as such, and was actually a public utility. We do not believe that such facts imperatively demand that plaintiff make further inquiry to ascertain further facts. Especially is this true when such facts came to his knowledge some nine years prior to the purchase by him of the stock in the Canal Company, which is the subject of this litigation. Being then a stranger to the defendants in the matter of interest as a stockholder, it is not reasonable to suppose that he was then particularly interested in the true corporate character of the Canal Company.

Several other circumstances are pointed out by defendants as being sufficient to put plaintiff on inquiry, but we do not regard them as having sufficient merit to justify further discussion.

Under the authorities set forth in the West case, we hold that the findings questioned are supported by substantial evidence. It will be observed that none of the *specific* findings is attacked. The only points raised are facts which it is contended, in effect, constitute constructive notice as a matter of law. It is our opinion that they do not.

The appeal of appellant Doyle is based upon the contention that the trial court should have allowed him interest upon interest payments made on the fraudulent contracts. That question was fully disposed of in the Goodspeed case.

Upon the authority of the Goodspeed and West cases, and in view of what we have here held, it is ordered that the judgment be, and it is, hereby reversed, and that the cause be remanded for retrial, upon the sole issue of the amount of damages due, in accordance with the views herein expressed, each party to pay his own costs on appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1940, and an application by defendants and appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 29, 1940.